FILED
SUPERIOR COURT
OF GUAM
2021 FEB 12 PM 3: 58
CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MEGA UNITED CORP. LTD., | CIVIL CASE NO. CV0434-20 |
| vs. | |
| GUAM ECONOMIC DEVELOPMENT AUTHORITY, | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 24, 2020, upon the Defendant Guam Economic Development Authority's Motion for Dismissal ("Motion") filed August 31, 2020. Defendant Guam Economic Development Authority ("Defendant" or "GEDA") is represented by Attorney Georgette Bello Concepcion. Attorney Joyce Tang represents Plaintiff Mega United Corp. Ltd. ("Plaintiff"). Having reviewed the pleadings in this matter, the Court issues the following Decision and Order.

## BACKGROUND

This case arose from a contract between the Plaintiff and Defendant (the "Contract) for the construction of the Farmers' Cooperative Association of Guam Facility and Relocation of the Dededo Flea Market (the "Project"), as detailed in Invitation for Bid No. 14-002 ("IFB 14-002"). Compl. ¶ 1. The Plaintiff submitted a bid for the Project in December 2013 and a Notice of Intent to Award in favor of the Plaintiff was issued on January 16, 2014. Compl. ¶¶ 7–8. The Notice to Proceed was issued on May 1, 2014. Compl. ¶ 9. The project was completed and

turned over to the Defendant on January 26, 2016. Compl. ¶ 11. However, Plaintiff contends that a fifty-one (51) day delay in the issuance of the Notice to Proceed and a fire flow issue led to material and labor price escalations, which caused the Plaintiff to submit a cost adjustment to the Defendant in the amount of $415,634 on October 8, 2014. Compl. ¶¶ 17–21.

There is a factual dispute as to the date of the official delay claim and the date the delay claim was denied.

- On February 28, 2014, the Plaintiff notified the Defendant that a significant delay in the commencement of the project may result in a price adjustment. Compl. ¶ 20.

- On March 24, 2014, the Plaintiff informed the Defendant of its concerns regarding the delayed issuance of the Notice to Proceed. Compl. ¶ 17.

- On June 2, 2014, the Plaintiff notified the Defendant about setbacks during the permitting process due to fire flow issues. Compl. ¶ 18.

- On October 8, 2014 the Plaintiff submitted its initial delay claim to the Defendant seeking a cost adjustment in the amount of $415,634. Compl. ¶ 21.

- On March 17, 2015, the Defendant's architect sent an email to the Plaintiff showing that the delay claim was "pending." Compl. ¶ 22.

- The Plaintiff sent follow up letters regarding the delay claim on May 5, 2015 and June 4 and 5, 2015. Compl. ¶ 23. The May 5 letter stated in part, "[o]ur delay claim was submitted on October 08 last year . . . well in advance for your approval . . . Unfortunately no action and/or response." Mot. to Dismiss at 3.

- The Plaintiff updated its claim to include additional cost adjustments on July 8, 2015. *Id.*

- On December 4, 2015, the Plaintiff submitted a letter regarding the claim through its legal counsel, which stated that the Plaintiff "demands immediate payment of $460,081 from GEDA" due to the aforementioned delays. Mot. to Dismiss at 3.

- Plaintiff was informed on December 24, 2015 that the letter could not be construed to be a demand. Compl. ¶ 24.

- In response, the Plaintiff submitted a demand letter relative to delay claim compensation on February 2, 2016, stating, "Mega United demands that GEDA meets [sic] its demand as soon as possible." Compl. ¶ 25; Reply to Opp'n to Mot. to Dismiss at 5.

- On March 31, 2016, the Plaintiff submitted a final pay application to the Defendant for $55,652, including retainage. Compl. ¶ 27. Plaintiff was advised by the Designer and Project Manager Authorized Representative, Architects Laguana LLC, that the Defendant was still confirming the price escalation amounts and that legal action was not necessary because they were working on a settlement. Opp'n to Mot. to Dismiss at 8.

- Almost a year later, on March 2, 2017, the Plaintiff submitted an additional letter demanding final decision on the delay claim. Compl. ¶ 26.

- On April 10, 2017, the Defendant issued a responding letter indicating that because the claim was not granted within sixty (60) days of the date when the claim was initially made in February 2016, the lack of response constituted an adverse decision pursuant to 5 GCA § 5427. *See also* Cont. Article 21, § 21.9.1.

Notwithstanding the dispute over the date of the delay claim and the date the claim was denied, both parties agree that the delay claim was ultimately denied. The Plaintiff appealed to the Office of Public Accountability on June 15, 2017. The appeal was subsequently dismissed as being untimely. Mot. to Dismiss at 5. Plaintiff appealed the OPA's decision in the Superior Court (CV0748-18). *See* Opp'n to Mot. to Dismiss at 17.

On October 9, 2018, the Plaintiff filed its government claim with the Defendant pursuant to the Government Claims Act. Compl. ¶ 29. The Defendant never responded to the Plaintiff's claim. Opp'n to Mot. to Dismiss at 19. On June 29, 2020, the Plaintiff brought the current government claim action against the Defendant in the Superior Court of Guam seeking damages in the amount of $516,333 for breach of contract and breach of the covenant of good faith and

fair dealing. Compl. ¶ 37. On August 31, 2020, the Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Guam Rule of Civil Procedure 12(b)(1). On October 19, 2020, the Plaintiff filed an Opposition to the Motion to Dismiss on the grounds that the Plaintiff's government claim was timely filed within 18 months under 5 GCA § 6106(a) and its appeal was timely filed within 24 months as required by 5 GCA § 6106(b). In addition to opposing the Motion to Dismiss, the Plaintiff requested that the Court afford it the opportunity to conduct jurisdictional discovery, and if necessary, amend its complaint. On November 12, 2020, the Defendant filed a Reply to the Plaintiff's Opposition to the Motion to Dismiss.

On November 24, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

The issue before the court is whether dismissal is warranted in this matter due to lack of subject matter jurisdiction. *See* Guam R. Civ. P. 12(b)(1). A complaint may be dismissed for lack of subject matter jurisdiction pursuant to Guam Rule of Civil Procedure 12(b)(1). *See* *Arnold v. Melwani*, No. CV. 09-00030 DAE, 2013 WL 205430, at *3–4 (D. Guam Jan. 2013). When subject matter jurisdiction is challenged in a motion to dismiss, the burden of proving jurisdiction falls on the plaintiff. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

In order to sue the government of Guam, the provisions of the Government Claims Act must be followed. *Perez v. Guam Hous. & Urban Renewal Auth. (Ghura)*, 2000 Guam 33 ¶ 14 citing 5 GCA § 6102. The statute of limitations provision of the Government Claims Act ("Claims Act") provides, in relevant part, that "[a]ll claims under this Act must be filed within 18 months from the date the claim arose." *See* 5 GCA § 6106(a). The point at which a claim arises is a question of fact. *Nat'l Union Fie Ins, Co. of Pittsburgh, Pa. v. Guam Hous. & Urban Renewal Auth.*, 2003 Guam 19, ¶ 84 (Guam Nov. 4, 2003) citing *Pac. Rock Corp. v. Dep't of Educ.*, 2001 Guam 21 ¶ 43). The Supreme Court of Guam has held that a government claim

arises after an agency renders its final decision on the administrative claim. *Pac. Rock Corp.*, 2001, at ¶¶ 48–49. Additionally, the Claims Act provides that a government claim action is barred unless commenced within eighteen (18) months from the time the notice that the claim was rejected was served, or in cases where the government does not reject the claim, within twenty-four (24) months after the claim was filed. *See* 5 GCA § 6106(b).

Here, the Plaintiff claims that this court has subject matter jurisdiction because it argues that its government claim arose on April 10, 2017 when the Defendant issued a response to its demand for final decision, and therefore its government claim and this action were timely filed. Opp'n to Mot. to Dismiss at 2. The Plaintiff also contends that the claim did not arise after its earlier demand letters because the Defendant and Plaintiff were engaged in negotiations and the Plaintiff was under the impression that its claim was still being reviewed. *Id.* at 12–17; *see also Pac. Rock Corp.*, 2001, at ¶ 40. Because the Plaintiff argues that its delay claim was denied on April 10, 2017, it contends that its government claim was timely filed within eighteen (18) months on October 9, 2018 and that this action in the Superior Court was timely filed within twenty-four (24) months after the government claim was filed; therefore, this court has subject matter jurisdiction. *See* 5 GCA § 6106; Opp'n to Mot. to Dismiss at 19.

The Defendant on the other hand contends that this Court does not have subject matter jurisdiction because it argues the government claim arose following demand letters made prior to April 2017, and therefore the government claim was untimely filed. Reply to Opp'n to Mot. to Dismiss at 6. Defendant contends that the government claim arose as early as sixty (60) days after Plaintiff sent its December 4, 2015 letter demanding immediate payment of $460,081 for the delay claim. *Id.* The Defendant argues that even though the Plaintiff did not expressly state in its numerous demand letters that it was requesting a "final decision," by seeking immediate action by a date certain, the Plaintiff clearly sought a final decision. Reply to Opp'n to Mot. to Dismiss at 6. Further, the Defendant denies that the Plaintiff and Defendant were engaged in the negotiation stage of the dispute resolution process. Reply to Opp'n to Mot. to Dismiss at 8.

In determining whether this Court has subject matter jurisdiction, it is necessary to determine when the government claim arose pursuant to 5 GCA § 6106. In its Opposition to the

Defendant's Motion to Dismiss, the Plaintiff requested that the Court afford it the opportunity to conduct jurisdictional discovery, and if necessary, amend its complaint. *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002); Opp'n to Mot. to Dismiss at 10. Having reviewed the pleadings and relevant legal authorities, the Court finds that it does not have enough facts to dispose of the current motion. Therefore, the Court **GRANTS** the Plaintiff's request for limited discovery for the purposes of determining the jurisdictional issue before the Court.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Plaintiff's request for limited jurisdictional discovery and reserves on the motion to dismiss pending further briefing.

**IT IS SO ORDERED** ___FEB 1 2 2021___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
G. Concepcion
Joyce Tpn b
Date:_____ Time: 2/12/21
Deputy Clerk, Superior Court of Guam